```
                                                    CLERK'S OFFICE U.S. DIST. COURT
                                                         AT DANVILLE, VA
                                                              FILED
                                                          for Roanoke
         IN THE UNITED STATES DISTRICT COURT                OCT - 3 2007
        FOR THE WESTERN DISTRICT OF VIRGINIA           JOHN F. CORCORAN, CLERK
                   ROANOKE DIVISION                    BY:
                                                            DEPUTY CLERK
```

WILBERT BANKS, )
    Plaintiff, )
)      Civil Action No. 7:07CV00456
)
v. )      **MEMORANDUM OPINION**
)
GREEN ROCK CORRECTIONAL )
CENTER MEDICAL DEPT., et al., )
    Defendants. )
)      By: Hon. Jackson L. Kiser
)      Senior United States District Judge

Plaintiff, Wilbert Banks, a Virginia inmate proceeding pro se, brings what I will construe as a civil rights complaint pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Banks alleges that defendants, Green Rock Correctional Center ("GRCC") Medical Department and Dr. Wang, a GRCC physician, have denied Banks adequate medical care for his injured wrist and back. Banks seeks compensatory damages and injunctive relief in the form of more medical care. Upon review of the record, I conclude that Banks has not stated a claim upon which relief can be granted. Therefore, I will dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## I.

Banks alleges the following sequence of events from which his claims arise. Banks claims that he injured his wrist during a recreation period on August 23, 2007. He alleges that he was not provided with a ladder or reassigned to a bottom bunk and that, consequently, he injured his arm and back when he attempted to descend from his bunk on August 28, 2007. Banks alleges that he was

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

subsequently "treated inhumanely" and with "indifference" and that his medical care was "disregarded." (Compl. at 5.) Banks states that he "claim[s] 'negligence' along with 'disregard'" as he has not been allowed to attend any of his follow-up appointments at The University of Virginia Medical Center ("U.Va. Medical"). (Compl. at 5.)

## II.

As a threshold matter, the GRCC Medical Department is not a state actor subject to suit under § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). Accordingly, only Dr. Wang remains as a defendant. However, even if Banks were given the opportunity to amend his complaint to name other defendants, his claim would still be dismissed, as he fails to make any allegation of fact which, if true, would amount to a constitutional violation.

In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to evince that the defendants had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. See Farmer, 511 U.S. at 832-35; Sosebee v. Murphy, 797 F.2d 179, 182-83 (4th Cir. 1986); Loe v. Armistead, 582 F.2d 1291, 1296-97 (4th Cir. 1978).

Questions of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975). Claims regarding a disagreement between an inmate and medical

personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment do not state cognizable constitutional claims under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. Additionally, an inmate is not entitled to unqualified access to health care; the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977).

Applying these principles, and taking Banks' allegations in the light most favorable to him, I conclude that they are insufficient to state possible claims under § 1983. Nothing in Banks' complaint suggests that Dr. Wang or GRCC medical personnel acted with deliberate indifference with regard to Banks' medical treatment. Banks admits that he received a prompt medical evaluation after his wrist injury. While Banks alleges that he was not provided with a bunk ladder or a bottom bunk, he fails to allege that they were medically necessary, much less that he requested those accommodations from the security or medical staff. Moreover, Banks' own submissions indicate that he was immediately transferred to U.Va. Medical for treatment after his fall. On August 31, 2007, Banks was evaluated by GRCC medical staff and it was determined that a wheelchair was no longer necessary to facilitate his recovery. Additionally, prescription pain medication (Anaprox and Ultram) was ordered for Banks and, until their arrival, he was provided with Ibuprofen for his back pain. Banks began receiving his prescription pain medication on September 5, 2007. At a follow-up appointment with Dr. Wang on September 7, 2007, Dr. Wang determined that Banks did not need to return to U.Va. Medical for further treatment. Thus, it is clear that Banks has received prompt, thorough, and continuing treatment for his injuries and for his other medical complaints.

Furthermore, Banks does not allege that Dr. Wang did not evaluate him, merely that Dr.

3

Wang disagreed with Banks' preferences to continue his use of the wheelchair and to visit U. Va. Medical. Although Banks may be dissatisfied with Dr. Wang's diagnosis method or prescribed treatment plan, these complaints amount to nothing more than disagreements between medical staff and an inmate as to proper diagnostic methods and a course of treatment, which are not actionable under the Eighth Amendment. Finally, to the extent that Banks believes that Dr. Wang or other medical staff have failed to recognize or treat his medical needs, such disagreement does not rise to the level of a federal constitutional violation. Rather, such a claim would arise, if at all, under state medical malpractice laws and does not present a colorable claim under § 1983. See Estelle, 429 U.S. at 105-06.[2,3]

### III.

For the stated reasons, Banks' suit will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within thirty days of the date of entry of this Memorandum Opinion, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

---

[2] To the extent that plaintiff's complaint can be construed to allege that defendants were negligent in not providing him a ladder or a lower bunk, plaintiff's complaint must fail. Negligence is not actionable under § 1983. Farmer, 511 U.S. at 838; Estelle, 429 U.S. at 104.

[3] Furthermore, it is clear that Banks did not exhaust all available grievance procedures. The Prison Litigation Reform Act requires that inmates exhaust all available administrative remedies before filing an action challenging prison conditions. 42 U.S.C. § 1997e(a). While Banks filed several informal complaints and regular grievances, he failed to submit to the Regional Ombudsman for a review of any of the intake decisions as required by GRCC policy.

The Clerk of Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to plaintiff and to counsel of record for the defendants, if known.

**ENTER**: This 3rd day of October, 2007.

/s/ Jackson L. Kiser
Senior United States District Judge